JONES, Justice.
Winn-Dixie Montgomery, Inc., appeals from a judgment entered on the trial court’s denial of its cross-claim for indemnity in this personal injury lawsuit. We reverse and remand.
Debra Brown was injured when she slipped and fell on a ramp located immediately outside the Winn-Dixie store in the Michael Square Shopping Center in Mobile, Alabama, that provided access for handicapped customers. Claiming personal injury and loss of consortium, Brown and her husband sued Winn-Dixie. They later amended their complaint to add as defendants the landlords (the owners of the shopping center).
Winn-Dixie answered the amended complaint and cross-claimed against the landlords for indemnity pursuant to the terms of Winn-Dixie’s lease with the landlords. The landlords also filed a cross-claim for indemnity against Winn-Dixie, also based upon the terms of the lease agreement. The trial court granted the defendants’ joint motion for severance of their cross-claims from the trial of the plaintiffs’ claims.
The jury returned a $35,000 verdict for Debra Brown, but found in favor of the defendants on Mr. Brown’s loss of consortium claim. No appeal was taken from the judgment entered on that verdict. Winn-Dixie moved for summary judgment on its cross-claim against the landlords; its motion was effectively denied when the trial court ruled against the claimants as to both cross-claims. Winn-Dixie appeals from the trial court’s denial of its cross-claim for indemnity against the landlords.
The landlords argue that, under the terms of the lease between them and Winn-Dixie, they did not agree to indemnify Winn-Dixie for its own negligence; to the contrary, they say, they and Winn-Dix-ie specifically agreed that “neither party was required to indemnify the other for the other’s negligence to the extent of the other’s negligence.” Appellee’s brief, page 11. This portion of the lease, however, is not applicable to the facts of this case.
Article 15 of the lease reads, in pertinent part:
“INDEMNIFICATION
“15. Tenant [Winn-Dixie] agrees to indemnify and save harmless the Landlord from any claim or loss by reason of an accident or damage to any person or property happening in the demised premises. Likewise, Landlord shall indemnify and save harmless the Tenant from any claim or loss by reason of an accident or damage to any person or property happening on or about all common areas (as defined in Article 3 hereof) of the shopping center, and Landlord further agrees to carry, at its expense, public liability insurance coverage on all common areas (as defined in Article 3 hereof) of the shopping center.... Either party shall be required to indemnify the other from losses or claims arising out of such party’s act or omission, to the extent of its act or omission.”
Applying this language from Article 15, we are able to narrow the issue before us to whether the ramps providing access from the parking lot to the store (the point of Mrs. Brown’s accident) are part of “all common areas” as that term is defined in Article 3 of the lease. Article 3 reads, in pertinent part:
“CONSTRUCTION OF SHOPPING CENTER
“3. The Landlord, at its sole cost and expense, shall construct the shopping center ..., consisting of all the buildings ..., together with all ramps, sidewalks, streets, entranceways, malls, parking areas, service areas, driveways, and related improvements, said improvements (excluding buildings) being sometimes hereinafter referred to as ‘common areas.’ ” (Emphasis added.)
Because the ramps are part of the “common areas” defined in Article 3, and because Article 15 states that the landlord shall indemnify and hold harmless the tenant from any claim or loss resulting from *784 an “accident or damage” to any person on or about “all common areas” of the shopping center, we hold that Winn-Dixie is entitled to indemnification by the landlords for all expenses incurred as a result of the judgment based on Mrs. Brown’s claims against Winn-Dixie, including a reasonable attorney fee. See Mitchell v. Moore, 406 So.2d 347 (Ala.1981).
REVERSED AND REMANDED.
HORNSBY, C.J., and SHORES, HOUSTON and KENNEDY, JJ., concur.